NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

MARCOS SEPULVEDA, *Appellant.*

No. 1 CA-CR 15-0540
FILED 3-8-2016

---

Appeal from the Superior Court in Yuma County
No. S1400CR201301156
The Honorable Maria Elena Cruz, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Yuma County Public Defender's Office, Yuma
By Edward F. McGee
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Lawrence F. Winthrop joined.

---

**T H O M P S O N**, Judge:

¶1        This case comes to us as an appeal under *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon,* 104 Ariz. 297, 451 P.2d 878 (1969). Counsel for Marcos Sepulveda (defendant) has advised us that, after searching the entire record, he has been unable to discover any arguable questions of law and has filed a brief requesting this court conduct an *Anders* review of the record.  Defendant has been afforded an opportunity to file a supplemental brief *in propria persona*, but he has not done so.

¶2        Defendant pled guilty to attempted possession of a dangerous drug, a class five felony.  In December 2013, the court suspended imposition of sentence and placed defendant on thirty-six months' supervised probation.  Defendant was responsible for complying with various uniform conditions of probation, which included: (1) to abide by the special conditions of probation pertaining to mental health (condition 21); (2) to "participate and cooperate in any counseling or assistance as directed by the [Adult Probation Department (APD)] pertaining to Substance Abuse and Mental Health" (condition 22(b)); and (3) to pay all restitution, fines and fees in his  case as imposed by the court (condition 16).  The court ordered defendant to pay $850.00 in fees and assessments.

¶3        In May 2015, defendant's probation officer (S.P.) filed a petition to revoke defendant's probation, alleging that defendant violated condition 21 and condition 22(b).  The petition alleged that on September 9, 2014, defendant "failed to participate or cooperate in any counseling or assistance as directed by APD to Substance Abuse and Mental Health."

¶4        At the probation revocation hearing, S.P. testified that defendant refused to comply with the recommended substance abuse treatment, take prescribed psychotropic medications, and abide by the conditions of his probation.  Defendant conceded that he refused to follow his doctor's recommendations, but argued that the medication aggravated his preexisting back injury.  The court found that defendant violated condition 22(b) of his probation and reinstated defendant onto

unsupervised probation. The court extended defendant's probationary term 323 days and ordered defendant to pay $660 in additional fees and assessments.[1]

¶5        Counsel for defendant raised three issues on defendant's behalf. First, defendant argues that the trial court erred by extending his probation and assessing additional fines. Second, defendant asserts that the probation department failed give him the necessary assistance to comply with the terms of his probation. Lastly, defendant contends that he was a victim of discrimination in the community. After review of the record, we find no merit to these arguments.

¶6        We have read and considered defendant's *Anders* brief, and we have searched the entire record for reversible error. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881. We find none. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, and the sentence imposed was within the statutory limits. Pursuant to *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984), defendant's counsel's obligations in this appeal are at an end. Defendant has thirty days from the date of this decision in which to proceed, if he so desires, with an *in propria persona* motion for reconsideration or petition for review.

¶7        We affirm the conviction and imposition of probation.



Ruth A. Willingham · Clerk of the Court
FILED: ama

---

[1]        The court vacated the part of its prior order that required defendant to pay $130 in probation fees.